**Dion Orlando TAYLOR,
Plaintiff–Appellant,**

v.

**Sgt. Michael LANG, in individual and
official capacity, Defendant–
Appellee,**

and

**Major Eichelberger; Warden Levern Co-
hen; Lt. S. Lowery; M.E. Montouth,
Grievance Coordinator, all in individ-
ual and official capacities, Defen-
dants.**

No. 12–8116.

United States Court of Appeals,
Fourth Circuit.

Submitted: May 24, 2013.

Decided: June 13, 2013.

Dion Orlando Taylor, Appellant Pro Se.
Thomas A. Bendle, William T. Young, III,
Howell, Gibson & Hughes, PA, Beaufort,
South Carolina, for Appellee.

Before WILKINSON, KING, and
KEENAN, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Dion Orlando Taylor, a South Carolina
state prisoner, appeals from a jury verdict
in favor of prison guard Michael Lang on
Taylor's claim that Lang subjected him to
an excessive use of force, in violation of the
Eighth Amendment. Taylor also moves
for the preparation of a transcript at the
government's expense. We deny the mo-
tion and affirm.

Considering Taylor's challenge to sever-
al of the district court's evidentiary rul-
ings, we find that Taylor has not plausibly
suggested an abuse of discretion. *United
States v. Lighty,* 616 F.3d 321, 351 (4th
Cir.2010); *United States v. Benkahla,* 530
F.3d 300, 309 (4th Cir.2008).

Further, assuming that the district court
dismissed Taylor's official-capacity claim
against Lang, we find that such a disposi-
tion was clearly appropriate because Tay-
lor failed to allege or otherwise establish
facts suggesting his entitlement to injunc-
tive relief. *Shenandoah Valley Network v.
Capka,* 669 F.3d 194, 201–02 (4th Cir.
2012); *Revene v. Charles Cnty. Comm'rs,*
882 F.2d 870, 874–75 (4th Cir.1989).

Finally, there is no support in the record
for Taylor's speculation that the district
court failed to record the pre-trial eviden-
tiary hearing. *See Wyatt v. United States,*
591 F.2d 260, 265 (4th Cir.1979) (general
presumption of regularity attends all judi-
cial acts). Even assuming such an omis-
sion occurred, Taylor has not established
resulting prejudice sufficient to warrant a
new trial. *United States v. Brown,* 202
F.3d 691, 696 (4th Cir.2000).

Accordingly, we conclude that Taylor
has not made the showing necessary to
justify the preparation of a transcript at
government expense, deny his motion for
such, and affirm the jury's verdict. We
dispense with oral argument because the
facts and legal contentions are adequately
presented in the materials before this
court and argument would not aid the
decisional process.

*AFFIRMED.*